Submitted *on record* and brief July 3, 2003, reversed January 14, 2004

In the Matter of the Marriage of

Charles Robert MORROW, Jr.,
*Respondent,*
*and*

Johanna Maria Lanin MORROW,
*Appellant.*

93-05-63985; A119212

82 P3d 647

Karen A. Berkowitz and Caitlin J. Glass filed the brief for appellant.

No appearance for respondent.

Before Haselton, Presiding Judge, and Linder and Wollheim, Judges.

WOLLHEIM, J.

**WOLLHEIM, J.**

Mother appeals from a judgment granting in part and denying in part father's exemption claim from wage garnishment. Father's employment at Oregon Health Sciences University (OHSU) is subject to an ORS chapter 25 income withholding order for child support arrearages. Father is also employed by AT&T Broadband (AT&T), but his income from AT&T is not subject to an income withholding order. Mother attempted to garnish father's wages from AT&T pursuant to ORS chapter 18 for child support arrearages and unpaid, uninsured medical expenses. The trial court held that "[t]he wage garnishment order under ORS chapter 18 is a proper remedy to seek recovery of the $1,300 judgment in favor of [mother] for unreimbursed health care expenses, as long as said expenses are not deemed child support." However, the trial court granted father's claim of exemption to mother's ORS chapter 18 wage garnishment "insofar as that garnishment is intended to apply to [mother's] child support arrears." Mother seeks reversal of the portion of the judgment granting father's claim of exemption against the child support wage garnishment under ORS chapter 18. We review for errors of law and reverse.

The facts are undisputed. Mother served OHSU and AT&T with writs of garnishment, which provided, in part:

"A judgment was entered against [father] for the debt, or the debt otherwise became subject to garnishment, on March 21, 2001. * * *

"The amount subject to garnishment is $6,130.08 as of February 6, 2002 ($4,830.08 for child support and $1,300 for uninsured health care reimbursement as of 3/21/01)."

OHSU responded to the writ, explaining that no money could be remitted because, after accounting for the wage withholding order, there were no garnishable proceeds. AT&T withheld wages pursuant to the writ because wages were not being withheld from that employment.

Father filed a claim of exemption, arguing that the wages from AT&T were exempt from execution because:

"A.  The existing ORDER WITHHOLDING WAGES with [father's] other employer deducts current child support and 20% for arrearages.

"B.  DHR/SED/DA's office currently is the only authorized place to collect child support and arrearages.

"C.  The maximum amount allowed to be withheld is now being withheld."

The issue here is whether, when a wage withholding order, issued pursuant to ORS chapter 25, is already deducting current child support plus 20 percent for arrearages from father's wages from OHSU, mother may garnish father's wages from AT&T, which are not subject to a wage withholding order, pursuant to ORS chapter 18.

We begin with an analysis of the relevant statutes according to the familiar template of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993). Under *PGE*, our "task is to discern the intent of the legislature." *Id.* at 610. At the first level of analysis, we begin with the statutory text, which is the best evidence of legislative intent. We also consider the statutory context, which includes analyzing the text of other relevant statutory provisions. If legislative intent is clear from the statutory text and context, we need not inquire further.

ORS 25.414 provides, in part:

"(1)   * * *

"* * * * *

"(b)   If withholding is for current support and there is an arrearage, the amount to be withheld is 120 percent of the amount specified as current support in the support order.

"* * * * *

"(10)   An order to withhold income is not subject to the limitations of ORS 23.186."[1]

---

[1] ORS 23.186(1) provides that, "[e]xcept as provided in this section, 75 percent of the disposable earnings of an individual are exempt from execution." A writ of garnishment *is* subject to the limitations of ORS 23.186. However, father does not argue that execution of mother's writ of garnishment would violate that statute. A wage withholding order is also subject to the limitations of ORS 25.387, which

The amount withheld from father's wages from OHSU is 120 percent of the amount specified as current support in the support order.

ORS 18.602 defines garnishment as "the procedure by which a creditor invokes the authority of a circuit court * * * to acquire garnishable property of a debtor that is in the possession, control or custody of a person other than the debtor."

ORS 18.635 provides, in part:

"(1) A writ of garnishment may be issued only by a person specified in this section.

"* * * * *

"(3) An attorney who is an active member of the Oregon State Bar may issue a writ for the purpose of enforcing:

"(a) A judgment that requires payment of money and that has been entered in the register of a court of this state or docketed in the docket of a court of this state * * *."

"Garnishment" and "withholding" are not synonymous. ORS 23.175(4) provides, in part:

" 'Garnishment' means *any legal or equitable procedure* through which the earnings of an individual are required to be withheld for payment of a debt. *'Garnishment' does not include the [income withholding] procedure authorized by ORS 25.372 to 25.427 * * *.*"

(Emphasis added.)

For purposes of this case, both definitions of "garnishment" under ORS 18.602 and ORS 23.175(4) are applicable. Chapter 18 governs judgments, comparative negligence, and damages and specifically addresses child support

provides, in part, that "[i]n no case may an order require payment of an amount that exceeds the limits imposed by the Consumer Credit Protection Act * * *." Father does not argue that the wage withholding order or the writ of garnishment violates ORS 25.387. Furthermore, father does not argue that, when combined, the amount of his income that would be deducted via both a wage withholding order and a writ of garnishment would exceed any limitations set out in the relevant statutes cited in this opinion.

and the procedure for obtaining a writ of garnishment. Chapter 23 governs the enforcement of judgments and executions and also sets out specific earnings that are exempt from execution. ORS 23.186(9) provides that "[a]n employer may not discharge any individual because the individual has had earnings garnished."

Therefore, because "garnishment" and "withholding" are not synonymous, the garnishment of father's wages from AT&T is not subject to ORS 25.414(1)(b), which provides that, "[i]f withholding is for current support and there is an arrearage, the amount to be withheld is 120 percent of the amount specified."

In sum, we conclude that the relevant statutes permit mother to pursue enforcement of the support order through garnishment proceedings, and we know of no statute that would prohibit mother from using such proceedings.[2] Pursuant to a plain reading of the relevant statutes, we hold that mother may garnish father's wages from AT&T for child

---

[2] We recognize the potential for conflict in this case, given that father may have to pay support arrearages to two different entities. The trial court's March 12, 2001, judgment provides, in part:

"2. [Mother] shall have Judgment against [father] in the amount of $7485.48 representing [father's] child support arrearages to [mother] through March 31, 2000, less any over payments made by [father] to [mother] beginning September 1, 1999[,] and at any time thereafter.

"* * * * *

"11. **NOTICE OF INCOME WITHHOLDING**: This support order is enforceable by income withholding * * *. Withholding shall occur immediately, whenever there are arrearages at least equal to the support payment for one (1) month, whenever the obligated parent requests such withholding or whenever the obligee requests withholding for good cause. The District Attorney or, as appropriate, the Support Enforcement Division of the Department of Justice, shall assist in securing such withholding."

The amended order directing employer to withhold wages pursuant to ORS chapter 25 dated August 4, 2000, provides, in part:

"3. **Payment**: You must send the withheld income * * * to:

"Department of Human Resources
Child Support Accounting Unit
* * *

"The payment must be made payable to Respondent."

Father did not submit a brief and does not argue that there is a potential for double recovery under both ORS chapter 18 and ORS chapter 25; we decline to address the issue here.

support arrearages. Accordingly, we reverse the trial court's order.

Reversed.