Argued and submitted January 10, affirmed March 15, 2006

In the Matter of the Compensation of
Daniel J. Sparks, Deceased, Claimant.
HAVI GROUP LP,
*Petitioner,*

*v.*

Corinne Fay FYOCK,
*Respondent.*
03-05386; A126331
131 P3d 793

Jerald P. Keene argued the cause and filed the briefs for petitioner.

L. Leslie Bush argued the cause for respondent. With her on the brief was Parker, Bush & Lane, P.C.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Employer seeks review of a final order of the Workers' Compensation Board (the board) that ordered employer to pay claimant, who is the mother of a deceased worker, the remaining balance of the deceased worker's permanent disability award. *See* ORS 656.218.[1] Employer contends that (1) claimant's request for a hearing on employer's denial was void because that request was filed by claimant's daughter (the deceased worker's sister) pursuant to a power of attorney given by claimant; and (2) in all events, claimant was not a person "entitled to receive death benefits" under ORS 656.218. We conclude that the hearing request was validly filed, and we reject, without discussion, employer's contentions disputing claimant's status as a person entitled to benefits under ORS 656.218. Accordingly, we affirm.

The following facts, as found by the board and supported by substantial evidence in the record, are material to our review. Claimant is an elderly woman who moved in with her daughter, Carvalho, in early 2002. During the time that she lived with Carvalho, claimant received a monthly Social Security check, as well as monthly support from both Carvalho and claimant's son, Sparks. Claimant was unable to handle various personal affairs; accordingly, claimant executed a standard form "power of attorney," authorizing Carvalho to act on her behalf in specified respects, including the following:

"(6) To ask for, demand, recover, collect and receive all moneys, debts, rents, dues, accounts, legacies, bequests, interests, dividends and claims whatsoever which are now or which hereafter may become due, owing and payable or belonging to me, and to have, use and take all lawful ways

---

[1] ORS 656.218 provides, in part:

"(1) In case of the death of a worker entitled to compensation * * * payments shall be made for the period during which the worker, if surviving, would have been entitled thereto.

"* * * * *

"(5) The payments provided in this section shall be made to the persons who would have been entitled to receive death benefits if the injury causing the disability had been fatal. * * *"

and means in my name for the recovery of any thereof by attachments, levies or otherwise;

"(7) To prepare, execute and file any proof of debt and other instruments in any court and to take any lawful proceedings in connection with any sum of money or demand due or payable to me, and in any proceedings, to vote in my name for the election of any trustee(s), and to demand, receive and accept any dividend or distribution whatsoever;

"(8) To adjust, settle, compromise or submit to arbitration any account, debt, claim, demand or dispute, as well as matters which now exist or hereafter may arise between me or my attorney and any other person or persons;

"* * * * *

"(11) To commence and prosecute, and to defend against, answer and oppose all actions, suits and proceedings concerning any matters in which I am or hereafter may be interested or concerned[.]"

In May 2002, Sparks suffered a work-related injury to his back. A notice of closure, issued in February 2003, awarded Sparks 35 percent unscheduled permanent disability benefits. In March 2003, Sparks died for reasons unrelated to the compensable injury. At that time, employer had not paid the entire permanent disability award.

After Sparks's death, claimant requested payment of the balance of the permanent disability award pursuant to ORS 656.218. On July 16, 2003, employer denied that request based on its determination that claimant did not qualify as a "dependent" entitled to receive payment under ORS 656.218 and ORS 656.204(5).[2] On July 24, Carvalho, acting with "power of attorney" for claimant, sent a letter to the board, requesting a hearing on employer's denial. That letter stated, in part:

"Corinne Fay Fyock [claimant] does qualify as a dependent of Daniel Sparks, and therefore, should be awarded

_____

[2] As noted, see 204 Or App at 560 n 1, ORS 656.218(5) directs payment of unpaid benefits to a person who would "receive death benefits" in the case of a fatal injury. ORS 656.204(5)(a) provides that death benefits shall be paid to "dependents" of a deceased worker. ORS 656.005(10) defines "dependent" to include the "mother" of the worker "who at the time of the [worker's] accident, [is] dependent in whole or in part for [her] support upon the earnings of the worker."

payment of the remaining benefits held in his name in the manner provided by statute law or by other determination of the Board.

"Also enclosed you will find a copy of a Power of Attorney. This POA gives me complete authority to act in my mother's behalf with respect to this, and any matter, coming in her name. I would also ask that all communications regarding this matter be directed to me as Attorney-in-Fact for my mother, since I will be the person handling this matter to its conclusion."

At the ensuing hearing, employer moved to dismiss the proceedings for lack of jurisdiction. Specifically, employer argued that claimant had never timely filed a valid request for hearing because such a request must be signed by a "party" and Carvalho was not a party.[3] The administrative law judge (ALJ) rejected that argument:

"Carvalho, the person who requested the hearing, is not a 'party.' In other words, she is not the 'claimant for compensation,' the employer, or the insurer. ORS 656.005(21). However, that approach disregards the fact that Carvalho has 'Power of Attorney' for claimant, as evidenced by a duly-executed and notarized form in the Hearings file. Carvalho therefore signed the request for hearing 'on behalf of' claimant. ORS 656.283(3). Claimant (Ms. Fyock) *is* truly the 'claimant for compensation' here because she is claiming survivor benefits under ORS 656.218."

(Emphasis in original.) The ALJ also rejected employer's arguments contesting claimant's status as a "dependent" and, consequently, awarded claimant the requested benefits.

Employer appealed to the board, renewing and refining its arguments. Employer contended, *inter alia*, that "the act of filing a perfected request for hearing by a party is a jurisdictional act" and that "[l]inking the non-party signer of the request for hearing to the worker's claim by way of a 'power of attorney' signed by a putative defendant stretches the statutory concepts too far to hold." The board rejected

---

[3] Employer's position before the administrative law judge was based on a misunderstanding of the controlling statute. As amplified below, under ORS 656.283(3), a request for hearing "may be made by any writing, signed by *or on behalf of* the party * * *." (Emphasis added.)

employer's arguments and affirmed the ALJ's award of benefits to claimant.

■      On judicial review, employer contends that the board, in affirming the ALJ, erroneously construed ORS 656.283(3). Shifting its position slightly from that taken in the administrative proceedings, employer now contends that, because of its jurisdictional significance, a hearing request under ORS 656.283(3) is invalid unless it is signed by the party *or by the party's lawyer*—that is, a person admitted to the practice of law in accordance with ORS 9.160 to 9.280.

The success of employer's position depends on the proper construction of ORS 656.283(3), which provides:

> "A request for hearing may be made by any writing, signed by *or on behalf of* the party and including the address of the party, requesting the hearing, stating that a hearing is desired, and mailed to the Workers' Compensation Board."

(Emphasis added.) *See also* ORS 656.005(21) ("party" includes "a claimant for compensation"). In construing ORS 656.283(3), we apply the methodology prescribed in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), beginning with the statutory text as viewed in pertinent context.

■      The text of the statute itself is "the best evidence of legislative intent." *Morrow and Morrow*, 191 Or App 354, 357, 82 P3d 647 (2004). The text of ORS 656.283(3) is clear and unqualified: A request for hearing may be made by a writing signed by the party "or on behalf of" the party. In common usage, "on behalf of" means "in the interest of : as the representative of : for the benefit of." *Webster's Third New Int'l Dictionary* 198 (unabridged ed 2002). Nothing in the statutory text purports to limit the universe of those who may sign "on behalf of" a claimant; in particular, there is no suggestion that such persons must be members of the Bar. Here, it is beyond dispute that Carvalho did, in fact, sign the hearing request "in the interest of," "as the representative of," and "for the benefit of" her mother, the claimant.

Our inquiry at *PGE*'s first level is not, however, limited to plain text. Rather, we must assess the text in its pertinent statutory context—that is, in the context of "other provisions of the same statute and other related statutes." *PGE*, 317 Or at 611. Included in pertinent context are statements of statutory policy. *See State v. McBroom*, 179 Or App 120, 124 n 2, 39 P3d 226, *rev den*, 334 Or 397 (2002). Here, the broad, user-friendly text of the hearing request statute comports contextually with the overarching declared policy of the workers' compensation statutes, *viz.*, to "provide a fair and just administrative system for delivery of medical and financial benefits to injured workers that reduces litigation and eliminates the adversary nature of the compensation proceedings, to the greatest extent practicable[.]" ORS 656.012(2)(b); *cf. Nollen v. SAIF*, 23 Or App 420, 423, 542 P2d 932 (1975) (" 'The whole idea is to get away from cumbersome procedures and technicalities of pleading[.]' " (quoting Larson, 3 Workmen's Compensation Law § 78.10, 2 (1973))).

Employer insists, nevertheless, that the provisions of ORS chapter 9 (governing the practice of law) serve as relevant—and, ultimately, conclusive—context. Employer contends that, in using the phrase "on behalf of the party," the legislature simply intended to allow *a licensed attorney* to request a hearing on behalf of a client. Specifically, employer argues that, because ORS 9.160 (prohibiting the unauthorized practice of law) and ORS 9.320 (requiring individuals to prosecute actions in person or through an attorney unless otherwise authorized by law) existed as of the time that the legislature enacted ORS 656.283(3),[4] those provisions must be treated as implicit qualifications on the scope of those who can sign requests for hearings "on behalf of" other persons pursuant to ORS 656.283(3).

With respect—but in the same words that employer used in its brief to the board—employer's attempted resort to ORS chapter 9 "stretches the statutory concepts too far to hold." In enacting ORS 656.283(3), the legislature used

---

[4] ORS 656.283 was enacted in 1965. Or Laws 1965, ch 285, § 34. The unauthorized practice of law provisions, ORS 9.160 and ORS 9.320, date back to 1935 and 1862, respectively. *Oregon Peaceworks Green, PAC v. Sec. of State*, 311 Or 267, 270, 810 P2d 836 (1991).

broad, unqualified language in identifying who could sign a request for hearing. The legislature could easily have written ORS 656.283(3) to provide that a request for hearing must be signed by a party or by the party's legal counsel. Indeed, the legislature has done so in other, arguably analogous, contexts. *See, e.g.*, ORS 19.250(1)(f) (requiring that notice of appeal include "[t]he signature of the appellant or attorney for the appellant"); ORCP 17 A (providing that pleadings must be signed by attorney, if party is represented by an attorney, or by the party, if the party is not represented by an attorney). But the legislature did not do so in ORS 656.283(3). To import wholesale the limitations of ORS chapter 9 into ORS 656.283(3), notwithstanding the latter's unambiguously unqualified language, would impermissibly "insert what has been omitted" from ORS 656.283(3). *See* ORS 174.010.[5] The request for hearing was validly filed.

Affirmed.

---

[5] We note, parenthetically, that employer's construction of ORS 656.283(3) would create a trap for the unwary in which claimants with potentially meritorious claims could be precluded from pursuing those claims because of good faith, or unwitting, reliance on others. For example, if a claimant relied on a person who falsely held himself or herself out to be an attorney to sign and file the request for hearing, the claimant, in employer's view, would be "jurisdictionally" precluded from seeking compensation benefits. This case is also exemplary: Persons of ordinary understanding would reasonably believe that, in filing the hearing request pursuant to the power of attorney, Carvalho was acting "on behalf of" her mother.