No. 846          November 27, 2024          413

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Anthony R. ZANETTI,
*Petitioner-Appellant,*

*v.*

CITY OF PORTLAND,
by and through its Bureau of Fire and Police Disability &
Retirement Fund,
*Respondent-Respondent.*

Multnomah County Circuit Court
22CV11776; A181104

Eric L. Dahlin, Judge.

Argued and submitted October 15, 2024.

Nelson R. Hall argued the cause for appellant. Also on the briefs was Bennett Hartman, LLP.

Franco A. Lucchin argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Petitioner, a Portland Police Officer, challenges the denial of his claim for disability benefits for duty-related Post Traumatic Stress Disorder (PTSD). He appeals the trial court's general judgment denying a writ of review and affirming the determination by respondent City of Portland Bureau of Fire and Police Disability and Retirement Fund (the fund), that his claim was untimely. In three assignments of error, petitioner argues that the presumption of compensability for duty-related PTSD disability claims provided in ORS 656.802(7) supports the compensability of his claims. For the reasons below, we affirm.

I.   FACTS AND PROCEDURAL HISTORY

Petitioner began working as a Portland police officer in 2001. Medical records show that in 2015, petitioner began discussing anxiety and other mental health concerns with his physician. Over the next two years, petitioner visited a variety of practitioners for symptoms that they attributed to work stress, including both mental health symptoms and gastrointestinal issues. In November 2017, petitioner reported to a psychiatrist that his suppressed work stress and trauma had "flooded open," and he received a diagnosis of Major Depressive Disorder, Anxiety Disorder, and possible PTSD. On December 1, 2017, petitioner attended a psychiatric consultation and was formally diagnosed with PTSD, which the psychiatrist attributed to his work as a patrol officer. The psychiatrist recommended that petitioner take months off of police duty work to treat his PTSD.

Also in December 2017, petitioner completed a Disability in the Line of Duty (DILD) form, listing the date of injury as December 1, 2017, and describing the "injury/illness" as anxiety, work trauma, and flashbacks caused by "years of work related traumatic events mental and physical." His physician completed a Work Status Report which identified petitioner's condition as acute PTSD and placed him off work from December 22 through February 22, 2018. In January 2018, the fund received a physician's note indicating that petitioner was unable to perform work from

January 2, 2018, through April 2, 2018, and listed his date of injury as December 1, 2017.

While speaking with a fund representative in the month of January, petitioner mentioned work-related traumatic events that had occurred over his career. On January 30, 2018, petitioner withdrew his claim for benefits, reportedly because he did not want to "retell his issues," was currently in a "good place," and would be released to full duty that week by his mental health provider. Petitioner then returned to duty.

In November 2018, petitioner told a provider that he was experiencing both abdominal pain and mental health symptoms, and he also told the provider that he had missed half of his days of work over the prior six weeks. The following month, he reported to a doctor that he had been unable to work for the prior three weeks because of his anxiety.

In December 2019, petitioner visited a provider to discuss taking extended leave from work to improve his anxiety and mental health. He stated that he had been missing approximately one day of work per week "for a long time," and his supervisor had encouraged him to take a 180-day short-term leave of absence. He began medical leave on January 1, 2020. In March 2020, petitioner reported feeling much less anxious and that he was looking forward to returning to work. He was scheduled to return March 25.

However, on March 25, 2020, the day he was scheduled to return to work, petitioner completed a DILD application form based upon PTSD—petitioner's 2020 claim for disability benefits at issue in this case. He reported that the date of his injury "varies" and was related to a prior "injury/illness" dating from "June 2016 to present." Medical notes show that upon being informed to prepare to return to patrol duties if necessary, he "flipped out" and filed his workers' compensation claim for PTSD, seeking disability benefits.

In June 2020, the fund denied his claim as untimely, stating:

"1.   *Your claim was not filed within one year from the date you first discovered, or in the exercise of reasonable care*

*should have discovered, the occupational disease; or within one year from the date you became disabled or were informed by a physician that you were suffering from an occupational disease, as required by ORS 656.807*;

"2.   Your claim was not filed within 30 days after the claimed injury or illness, and you did not have good cause for the untimely filing, as required by Administrative Rule 5.7.03(D); and

"3.   Your claim does not satisfy all of the eligibility criteria set forth under Chapter 5 of the City Charter, Section 5-306(c) for a service-connected disability benefit on the basis of a condition of stress or mental disorder."

(Emphasis added.)

Petitioner requested a hearing to contest the denial with the Office of Administrative Hearings (OAH), which affirmed the fund's decision. Petitioner appealed the order to an OAH appellate review board, which also affirmed with a Final Order on Appeal. Petitioner then filed a petition for a writ of review in Multnomah County Circuit Court and, after a hearing, the trial court entered a general judgment affirming OAH's final order and denying the petition. Petitioner appeals from the trial court's general judgment.

## II.   OVERVIEW

An overview of the relevant law is helpful to understand the parties' arguments. Prior to 2019, claims for workers' compensation disability benefits by Portland police officers were subject to the Portland City Charter (the charter) and not to ORS chapter 656, which governs workers' compensation for most employees. *See* ORS 656.027(6) (providing that workers are not subject to ORS chapter 656 if they are "[f]irefighter and police employees of any city having a population of more than 200,000 that provides a disability and retirement system by ordinance or charter"). The charter contains a section governing claims for disability benefits by Portland police officers "on the basis of a condition of stress or mental disorder." Portland City Charter (PCC) § 5-306(c). The charter imposes a time limitation of 30-days after the injury or illness within which a member must apply, unless the member establishes "good cause for

failing to do so." Fire and Police Disability and Retirement Fund Rule (FPDR) 5.7.03(D).

In 2019, the legislature amended ORS 656.802, and in a new provision, set forth at ORS 656.802(7), provided a rebuttable presumption of compensability for police officers claiming disability for duty-related PTSD.[1] Or Laws 2019, ch 372, § 1; ORS 656.802(7). In enacting the ORS 656.802(7) presumption of compensability, the legislature explicitly applied the requirements of that subsection to cities that previously were not subject to ORS chapter 656, including Portland. ORS 656.802(7)(e). In doing so, it directed cities that, "when accepting and processing claims" for police officers, they "shall apply" the subsection (*i.e.*, the presumption of compensability) and the time limitations set forth in ORS 656.807.

Under ORS 656.807(1), to avoid having a claim be "void," a claimant must have filed their claim for benefits within the latest of "(a) One year from the date the worker first discovered, or in the exercise of reasonable care should have discovered, the occupational disease; or (b) One year from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease."

The amendments set forth in ORS 676.802(7) apply to claims for benefits "filed on or after the effective date of the [amendments]," which is undisputed to be September 29, 2019. Or Laws 2019, ch 372, §§ 2-3; *see* Office of Legislative Counsel, *Bill Drafting Manual* § 12.5 (19th ed 2024) (discussing generally applicability language and effective dates).

_____

[1] The presumption is set forth in ORS 656.802(7)(b), which provides:

"Notwithstanding subsections (2) and (3) of this section, *if a covered employee establishes through a preponderance of persuasive medical evidence from a psychiatrist or psychologist that the covered employee has more likely than not satisfied the diagnostic criteria in the DSM-5 for post-traumatic stress disorder or acute stress disorder, any resulting death, disability or impairment of health of the covered employee shall be presumed to be compensable as an occupational disease.* An insurer or self-insured employer may rebut the presumption only by establishing through clear and convincing medical evidence that duties as a covered employee were not of real importance or great consequence in causing the diagnosed condition."

(Emphasis added.)

## III.   DISCUSSION

In his first assignment of error, petitioner argues that the fund, "by and through" OAH, erred as a matter of law by "retroactively applying ORS 656.802(7) and ORS 656.807 to facts and circumstances before the effective date of the newly created subsection and before [petitioner] was a 'covered employee' subject to ORS Chapter 656 and time limitations under ORS 656.807." In his second assignment of error, he argues that the fund's "findings that the time limitations under ORS 656.807 were triggered by the required informed discovery from a statutorily defined physician are not supported by substantial evidence." Finally, in his third assignment of error, he argues that the fund "erred as a matter of law by failing to treat [his] March 2020 claim as a new claim under ORS 656.802(7)."

The fund responds that the trial court did not err by "affirming OAH on the issue of whether evidence from before the effective date of ORS 656.802(7) may be considered," and that substantial evidence supports OAH's determination that petitioner's claim was untimely.

### A.   *Standard of Review*

We review a trial court's decision to deny a writ of review and affirm a lower tribunal's decision for errors of law and substantial evidence. *See* ORS 34.040 (upon petition for a writ of review, the circuit court reviews the lower tribunal's decision for errors of law, substantial evidence, and other standards inapplicable to this case); ORS 34.100 ("Upon the review, the [circuit] court shall have power to affirm, modify, reverse or annul the decision or determination reviewed * * *. From the judgment of the circuit court on review, an appeal may be taken in like manner and with like effect as from a judgment of a circuit court in an action.").

### B.   *Statutory Construction*

As noted, in his first assignment of error, petitioner argues that the fund erred as a matter of law by " applying ORS 656.802(7), and thereby ORS 656.807, retroactively" to his 2020 claim for benefits when denying it as untimely. As he sees it:

"The one year time limit triggered under ORS 656.807 did not apply to [petitioner] until the effective date of September 29, 2019, and only for a claim filed on or after the effective date. [Petitioner] filed his claim in March 2020, approximately six months after the effective date for ORS 656.802(7) and, thereby, within approximately six months of the application of ORS 656.807 to [petitioner] as a newly created 'Covered employee.'"

Petitioner asserts that ORS 656.802(7) provides a "specific statutory claim for individuals specifically defined as a 'Covered employee' 'on the date a claim is filed under'" ORS 656.802(7), and he was not a "Covered employee" under chapter 656 until the effective date of ORS 656.802(7). As we understand it, petitioner's overall contention is that because ORS 656.802(7) and ORS 656.807 did not apply to him prior to September 29, 2019—the effective date of the amendments to ORS 656.802—any claim for benefits he submitted could not be subject to the time limitations set forth in ORS 656.807 until that date.[2] That is, petitioner contends, the time limitations for bringing claims set forth in ORS 656.807 could not have started to run until September 29, 2019, at the earliest.

Although petitioner frames the discussion as one of "retroactive" versus "prospective" application of the statutes and amendments, at its core, petitioner's arguments present a question of statutory construction: When the legislature enacted the ORS 656.802(7) presumption of compensability, did it intend for the time limitations set forth in ORS 656.807 to apply to claims for benefits for duty-related PTSD filed by police officers where all of the events set forth in ORS 656.807 occurred over a year before the effective date of ORS 656.802(7), making the claims untimely under ORS 656.807. Questions of statutory construction are "questions of law that we review for legal error." *State ex rel Rosenblum v. Living Essentials, LLC*, 371 Or 23, 33, 529 P3d 939 (2023). Our goal is to determine the legislature's intent. ORS 174.020; *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009).

---

[2] Petitioner uses the term "claim" to refer both to a general cause of action available under the charter or ORS chapter 656, and to a discrete application filed by a claimant for benefits.

We begin by considering the text and context of ORS 656.802(7). *Gaines*, 346 Or at 171-72. A statute's context "includes other provisions of the same or related statutes, the pre-existing statutory framework within which the statute was enacted," and prior decisions that have interpreted it. *Ogle v. Nooth*, 355 Or 570, 584, 330 P3d 572 (2014). In addition to text and context, we consider the legislative history of the statute and accord it the weight that we consider appropriate. ORS 174.020(3); *Gaines*, 346 Or at 171-72. Importantly, "this court is responsible for identifying the correct interpretation, whether or not asserted by the parties." *Stull v. Hoke*, 326 Or 72, 77, 948 P2d 722 (1997).

"Because there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes, we begin with the text of the statute." *Alfieri v. Solomon*, 358 Or 383, 392, 365 P3d 99 (2015) (internal quotation marks omitted).

By its text, the amendments to ORS 656.802 are applicable to claims for benefits which are "filed on or after the effective date of the [amendments]," which is undisputed to be September 29, 2019. Further, ORS 656.802(7)(e)(B) provides that the "time limitations for filing claims that are set forth in ORS 656.807(1)" are applicable to claims for benefits which are "filed under" ORS 656.802(7).

ORS 656.807, in turn, provides:

"(1)  All occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer by whichever is the later of the following dates:

"(a)  One year from the date the worker first discovered, or in the exercise of reasonable care should have discovered, the occupational disease; or

"(b)  One year from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease."

Thus, as we understand the statutory scheme, the presumption of compensability set forth in ORS 656.802(7) applies to claims for benefits by police officers for duty-related PTSD filed on or after September 29, 2019, that also

satisfy the time limitations for bringing such claims imposed by ORS 656.807.

We found nothing in the context or legislative history of ORS 656.802(7) that suggests otherwise. ORS 656.807 provides pertinent context for our interpretation of ORS 656.802(7), and it does not provide any exceptions to its time limitations or to the applicability requirements of ORS 656.802(7). Additionally, we have examined the legislative history of the amendments, and the present question is not directly addressed, nor does the history contradict our plain reading of ORS 656.802(7).

Here, petitioner filed his claim for duty-related PTSD benefits in 2020, after ORS 656.802(7) became effective. Accordingly, he also had to satisfy the time limitations for bringing such claims imposed by ORS 656.807 for the presumption to apply.

We disagree with petitioner's contention that the time limitations under ORS 656.807 could not have started to run until September 2019, because nothing in ORS 656.802, ORS 656.807, nor any other statute of which we are aware, operates to make timely a claim which is untimely under ORS 656.807 simply because the legislature enacted ORS 656.802(7). Had the legislature intended to create a statute of limitations for claims utilizing the presumption in ORS 656.802(7) that only began to run when that subsection became effective in September 2019 it could have done so; it did not.

Petitioner notes that applying the statutory scheme in the manner that the fund did in this case—that is, to consider events that occurred before the effective date of ORS 656.802(7) when evaluating the timeliness of petitioner's claim for benefits under ORS 656.802—"has the effect of reducing the time limitation to a single day or exhausting the one year time limitation all together before the law even became effective." We understand petitioner to argue that because the effect of applying the time limitations in ORS 656.807 to his 2020 claim for benefits means that it was time-barred before ORS 656.802(7) was enacted, the legislature could not have intended it to be applied in the manner

in which the fund applied it. Petitioner further bases his argument on the fact that, as a Portland police officer, he was not subject to chapter 656 at all prior to the enactment of ORS 656.802(7).

But the legislature did not include any provision to exempt claimants such as petitioner from the time limitations in ORS 656.807. Had the legislature intended to create a statute of limitations for claims filed by police officers not previously subject to chapter 656 that was different from claims filed by other police officers, it could have done so; it did not. To the contrary, the legislature expressly made the ORS 656.807 time limits applicable to those officers also: ORS 656.802(7)(e) instructs that a city that provides its own disability or retirement system for police officers—such as Portland—"shall apply" the provisions of ORS 656.802(7) *and* the time limitations set forth in ORS 656.807 "when accepting and processing claims *** [from] police officers covered by the disability or retirement system." *See Havi Group LP v. Fyock*, 204 Or App 558, 563, 131 P3d 793 (2006) ("The text of the statute itself is the best evidence of legislative intent." (Internal quotation marks omitted.)).

Petitioner relies on *Boone v. Wright*, 314 Or 135, 836 P2d 727 (1992), to support his interpretation of how the legislature intended the time limitations in ORS 656.807 to be applied to his claim. In *Boone*, an amendment to the Post-Conviction Hearing Act imposed a 120-day limitation period for filing petitions for post-conviction relief after a conviction or appeal was final, when there was previously no time limit. *Id.* at 137. The Supreme Court held that the new 120-day limitation did not apply to petitions filed by persons whose convictions and appeals became final before the effective date of the amendment, because "the legislature did not manifest an intent to apply the shortened limitation period to such petitions." *Id.* at 142.

Petitioner's reliance on *Boone* is misplaced. In *Boone*, the amendment *shortened* the time limitation while here, the time limitation was, in fact, enlarged. Under the charter, petitioner had 30 days to file his claim for duty-related PTSD. FPDR 5.7.03(D). ORS 656.802(7) now requires the city to apply the longer, one-year limitations to claims

for duty-related PTSD by police officers. Petitioner points to differences between eligibility for benefits under the charter and under ORS 656.802(3), the subsection which governs eligibility for claims for mental health disability under chapter 656, to argue that the 30-day time limitation under the charter is irrelevant to our analysis.[3] But a difference in how eligibility is determined does not mean that the one-year time limitations in ORS 656.807 do not apply to petitioner's 2020 claim for disability benefits, nor that the limitations should be applied in a manner different from any other claim subject to the limitations.

Further, regarding the interaction between ORS 656.802(7) and the charter, petitioner contends that ORS 656.802(7) provides a "specific statutory claim for individuals specifically defined as a 'Covered employee' 'on the date a claim is filed under'" ORS 656.802(7). We understand petitioner's argument to be that the amendments to ORS 656.802 create a new cause of action previously unavailable under or separate from the charter. However, as noted above, in enacting the ORS 656.802(7) presumption of compensability, the legislature directed that "a city that provides a disability or retirement system for *** police officers by ordinance or charter that is not subject to this chapter," "shall *apply*" the provisions of the subsection (*i.e.*, the presumption of compensability) and the time limitations set forth in ORS 656.807, "when accepting and *processing claims* *** [from] police officers covered by the disability or retirement system." (Emphases added.) Thus, ORS 656.802(7) directs the city to *apply* the presumption and time limitations set forth in chapter 656 when it processes claims from police officers covered by its system, and we have found nothing in the text, context, or legislative history to suggest otherwise. *See Gaines*, 346 Or at 171 ("[T]here is no more persuasive

---

[3] Under the charter, a police officer is not eligible for mental health service-connected disability benefits unless "[t]he employment conditions producing the stress or mental disorder are conditions *other than conditions generally inherent in police or fire employment* ***." PCC § 5-306(c)(2) (emphasis added). Under ORS 656.802(3)(b), an employee is not eligible unless "[t]he employment conditions producing the mental disorder are conditions *other than conditions generally inherent in every working situation* ***." (Emphasis added.) Because we affirm on the basis that petitioner's claim for benefits was untimely under ORS 656.802(7), we need not address any asserted differences between the charter and ORS 656.802(3)(b) regarding a claimant's eligibility for benefits.

evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes." (Internal quotation marks and citation omitted.)).

Consequently, based upon our plain reading of the statute, we conclude that the fund properly applied ORS 656.807 to petitioner's claim. Having explained the operation of ORS 656.802(7), we turn to petitioner's remaining assignments of error.

C.  *Substantial Evidence*

In petitioner's second assignment of error, he argues that substantial evidence does not support the fund's determination, by order of the OAH, that petitioner's claim was untimely under ORS 656.807. "In a writ of review proceeding, substantial evidence in the record exists to support a finding when the record, viewed as a whole, would permit a reasonable person to make that finding." *Associated Builders and Contractors v. Tri-Met*, 170 Or App 271, 285, 12 P3d 62 (2000).

As noted, ORS 656.807(1) provides that:

"All occupational disease claims shall be void unless a claim is filed with the insurer or self-insured employer by whichever is the later of the following dates:

"(a)  One year from the date the worker first discovered, or in the exercise of reasonable care should have discovered, the occupational disease; or

"(b)  One year from the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease."

Although his second assignment of error is framed as a challenge based on substantial evidence, as a preliminary matter, we understand petitioner to argue that, in this case, the events described in ORS 656.807(1)(a) and (b) could not, as a matter of law, have occurred before the effective date of the amendments set forth in ORS 656.802(7). That is because, in his view, he could not have known that he had an "occupational disease" under ORS 656.802(7) before the amendments were enacted.

The difficulty with petitioner's argument is that the limitations period set forth in ORS 656.807 is not premised on whether a claim for benefits would be successful, but on "the date the worker first discovered, or in the exercise of reasonable care should have discovered, the occupational disease" and "the date the claimant becomes disabled or is informed by a physician that the claimant is suffering from an occupational disease." *See* ORS 656.802(1)(a) (defining "occupational disease" as "any disease or infection arising out of and in the course of employment caused by substances or activities to which an employee is not ordinarily subjected or exposed other than during a period of regular actual employment therein, and which requires medical services or results in disability or death"). Petitioner was aware that he had a condition—PTSD—that he contends is an occupational disease, as exemplified by his filing a claim for benefits in 2017. The time limitations set forth in ORS 656.807 apply to petitioner's 2020 claim for benefits, and unless he filed his claim within the limitations period set forth in that statute, his claim is untimely. ORS 656.807(1).

With the issue related to the applicability of the time limitations set forth in ORS 656.807(1)(a) and (b) to petitioner's claim resolved, we next consider whether substantial evidence in the record supports the fund's conclusion that those time limitations had expired prior to petitioner filing his 2020 claim.

Regarding ORS 656.807(1)(a), the fund determined that petitioner first discovered, or should have discovered, that he had duty-connected PTSD in 2017. That finding was supported by substantial evidence: Petitioner sought treatment from multiple providers in late 2017 for anxiety and stress caused by traumatic work events, and a psychiatrist recommended that he be admitted to a mental health facility and take time off of police duty to treat his PTSD.

Regarding ORS 656.807(1)(b), the fund determined that petitioner first became disabled or was informed by a physician that he was suffering from PTSD in late 2017 or, at the latest, in 2018. That finding was also supported by substantial evidence: As noted above, a psychiatrist had recommended that petitioner admit himself to a mental health

facility and take a period of months off from police duty due to his PTSD. In December 2017, he was placed off of work duty for acute PTSD, and he continued to be unable to perform his duties sporadically over the next few years, noting to a doctor in November 2018 that he had been missing about half of the days of work over the prior six weeks due to PTSD symptoms, and in December 2018 he reported that he had been unable to work for the prior three weeks due to PTSD symptoms.

As a consequence of those findings, the fund determined that petitioner's claim was untimely under ORS 656.807. After reviewing the record and in light of our standard of review, we conclude that substantial evidence supports the fund's determination. *See Tri-Met*, 170 Or App at 285.

D.   *2020 Claim as a "New Claim"*

Finally, in his third assignment of error, we understand petitioner to argue that because the claim for disability benefits that he filed in 2020 only requested benefits beginning on January 1 of that year, the fund erred in not treating it as a "new claim" for disability "even if similar or related symptoms existed to some degree in the years before [petitioner's] 2020 disability, impairment of health and need for treatment." He appears to contend that so long as a claimant does not request benefits for a time period prior to the effective date of the amendments set forth in ORS 656.802(7), the fund cannot consider evidence of the claimant's medical condition or knowledge about their medical condition from any time before the request when determining the timeliness of the claim.

To the extent that petitioner's briefing can be construed to argue that he recovered from his PTSD in the period between 2017 and September 2019, he has not provided us with any record citations to support that assertion, nor has he explained how that would impact the determination of timeliness under ORS 656.807. To the extent that petitioner intends to argue that the condition he was experiencing in 2020 was different from that in the years prior to September 2019, he has similarly not provided us with any

record citations to support that assertion, and our review of the record does not reveal evidence supporting that assertion. And as noted above, substantial evidence supports the fund's determination that petitioner's claim for duty-related PTSD disability benefits was untimely under ORS 656.807.

## IV.    CONCLUSION

In sum, the trial court did not err in affirming the fund's decision to apply the time limitations set forth in ORS 656.807 to petitioner's claim, nor the method that it applied the limitations; substantial evidence supports the fund's determination that petitioner's claim was untimely under ORS 656.807.

Affirmed.