No. 747    August 20, 2025    801

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jerry WETZEL,
*Petitioner-Appellant,*

*v.*

JACKSON COUNTY,
*Respondent-Respondent.*

Jackson County Circuit Court
22CV02700; A182483

David J. Orr, Judge.

Submitted July 23, 2025.

James R. Dole and Watkinson Laird Rubenstein, P. C. filed the brief for appellant.

Madison T. Simmons filed the brief for respondent.

Before Kamins, Presiding Judge, Jacquot, Judge, and Armstrong, Senior Judge.

JACQUOT, J.

Reversed and remanded for further proceedings consistent with this opinion.

**JACQUOT, J.**

Petitioner appeals a general judgment reversing in part and affirming in part a hearings officer's order with respect to Jackson County Code (JCC) violations and imposing a fine. In three assignments of error, he argues that the trial court erred when it misconstrued the applicable law, determined that substantial evidence supported the hearings officer's findings, and modified the fine imposed by the hearings officer. We reverse and remand for further proceedings consistent with this opinion.

Petitioner, a landowner, was charged with 108 violations of the JCC after law enforcement discovered that petitioner's tenant had constructed and was operating 54 greenhouses for growing marijuana and had established unsafe electrical systems, without the requisite permits. After a hearing, the hearings officer entered a final order concluding that petitioner had violated the JCC on all 108 counts by willfully permitting his tenant to engage in the above operations, and fined petitioner $150,000—the amount of rent that petitioner had collected from the tenant. Petitioner then sought a writ of review from the trial court. The trial court, after briefing and oral argument, reversed the hearings officer's order with respect to the 54 counts for building the greenhouses, but upheld the order with respect to the 54 counts for installing illegal electrical systems inside the greenhouses, and reduced petitioner's fine to $75,000.

"We review a trial court's decision to deny a writ of review and affirm a lower tribunal's decision for errors of law and substantial evidence." *Zanetti v. City of Portland*, 336 Or App 413, 418, 562 P3d 317 (2024), *rev den*, 373 Or 444 (2025); *see* ORS 34.040 (upon petition for a writ of review, the circuit court reviews the lower tribunal's decision for errors of law and substantial evidence); *see also* ORS 34.100 ("Upon the review, the [circuit] court shall have power to affirm, modify, reverse or annul the decision or determination reviewed *** . From the judgment of the circuit court on review, an appeal may be taken in like manner and with like effect as from a judgment of a circuit court in an action.").

In his first assignment of error, petitioner describes his position as "simple: he was cited for violating JCC 1420.04 (chapter 1420),[1] *not* for violating JCC 202.99(a)."[2] (Emphasis in original.) He argues that because his citation specified JCC 1420.04 as the violation, but liability was determined under JCC 202.99(a), he was "convicted of violating a code provision for which he was not specifically charged." However, petitioner misunderstands the code scheme. JCC 202.99(a) provides a definition of "violation" that applies to "any act declared in these Codified Ordinances to be a violation." It is not itself a separate violation. Instead, it explains the methods by which someone can commit a violation, which includes willfully permitting another to violate a provision. The violation is JCC 1420.04, which prohibits installing electrical systems absent required permits. Accordingly, JCC 202.99(a) applies to JCC 1420.04, and JCC 1420.04 provides the specific violation petitioner is alleged to have committed. The citation did not need to specify JCC 202.99(a) as a separate violation, and petitioner's citation was not inadequate as he argues.

---

[1] JCC 1420.04 provides, in part:

"It shall be a violation of this section for any person to build, construct, maintain, enlarge, alter, repair, move, change the character use of a building or structure regulated by the State Building Code, or cause any such work to be done, or to install any electrical *** systems regulated by the State Building Code or to occupy any premises, including dwellings, or other buildings or structures, unless all permits required for such premises under any prevailing law have been obtained and are in force and, if required, a certificate of occupancy has been obtained. No person shall violate or fail to comply with any of the provisions of the Oregon State Structural Specialty Code, Mechanical Specialty Code, [or] Electrical Specialty Code[.]"

[2] JCC 202.99(a) provides:

"<u>Violation</u> - Of any provision of these Codified Ordinances is deemed a County violation. A County violation is any offense designated as a violation in these Codified Ordinances. 'Offense' and 'violation' have the same meaning for purposes of these Codified Ordinances. Every person who commits, attempts to commit, conspires to commit, or aids or abets in the commission of any act declared in these Codified Ordinances to be a violation, whether individually or in connection with another person, or as principal, agent or accessory, shall be guilty of such violation. *Every person who* falsely, fraudulently, forcibly or *willfully* induces, causes, coerces, requires, *permits* or directs *another to violate any provision of these Codified Ordinances shall likewise be guilty of such violation.* Payment of a fine imposed under these Codified Ordinances does not relieve the violator of responsibility to remedy the violation."

(Emphases added.)

In his second assignment of error, petitioner argues that the trial court erred "when it found that substantial evidence supported the hearings officer's finding that Petitioner willfully violated the JCC." His argument appears to be twofold. First, he argues that the hearings officer and trial court incorrectly construed "willful" conduct in the ordinance. Second, he argues that there was insufficient evidence that he willfully permitted the tenant's violation.

"The proper construction of a municipal ordinance is a question of law, which we resolve using the same rules of construction that we use to interpret statutes." *Waste Not of Yamhill County v. Yamhill County*, 305 Or App 436, 457, 471 P3d 769 (2020) (internal quotation marks omitted). Therefore, "[w]e look primarily to the [ordinance]'s text, context, and legislative history, although we may look also to general rules of statutory construction as helpful." *Alfieri v. Solomon*, 358 Or 383, 392, 365 P3d 99 (2015). JCC 202.04(h) provides a general rule that "[e]xcept as otherwise provided in this section, words and phrases shall be construed according to the common usage of the language, provided, however, that technical words and phrases and such others as may have acquired a special meaning in the law shall be construed according to such technical or special meaning."

The hearings officer's final order endeavors to construe the term "willful" in JCC 202.99(a), which provides that "[e]very person who falsely, fraudulently, forcibly or *willfully* induces, causes, coerces, requires, *permits* or directs *another to violate any provision of these Codified Ordinances shall likewise be guilty of such violation.*" (Emphases added.) The order states that Black's Law Dictionary defines a "willful" act as one "[p]roceeding from a conscious motion of the will; voluntary; knowingly; deliberate. Intending the result which actually comes to pass; designed; intentional; purposeful; not accidental or involuntary." The order explains that "[i]t implies no requirement that the consequences of the act be known to the willful actor. *** JCCO 202.99(a) require[s] only that Defendant 'voluntarily, knowingly, deliberately' intended that the greenhouses be constructed. It would not require that he knew them, once constructed, to be beyond compliance with the Building Code." It further states that

no "evil or 'criminal' intent or knowledge is required," and petitioner need only have "knowingly authorized the construction of the greenhouses and the installation of utilities that furthered the agricultural activity," not known that the improvements were not in compliance with the building code.

Broadly, we must determine what intention and knowledge a person must have to "willfully" permit a violation under JCC 202.99(a). Did petitioner need to knowingly allow electrical systems without permits on his property, or simply allow the electrical systems to be built? We have recognized that "'[w]illful' and 'willfully' are notoriously elusive terms, with their content varying qualitatively and dramatically in different contexts. *** Thus, while general and legal dictionaries define the term as incorporating a component of intentionality, Oregon law in some noncriminal contexts deems merely negligent conduct to have been 'willful.'" *State v. Nicholson*, 282 Or App 51, 57, 383 P3d 977 (2016) (footnote omitted).

The dictionary definitions of "willful" do not provide an answer to that question, because explanations such as "intending the result which actually comes to pass" could refer to either result: a violation of the code, or the construction of the electrical systems. *See Webster's Third New Int'l Dictionary* 2617 (unabridged ed 2002) (defining "willful" as "done deliberately : not accidental or without purpose : intentional"). Neither we nor the parties have identified any precedent to aid us in our interpretation, and the available comparisons are too dissimilar to be of assistance. *See, e.g.*, *Nicholson*, 282 Or App at 62 (defining "willful" in the context of contempt of court); *Wilson v. Smurfit Newsprint Corp.*, 197 Or App 648, 659-66, 107 P3d 61, *rev dismissed*, 339 Or 407 (2005) (defining "willful" in the context of employer obligation to pay wages owed at employee termination); ORS 646.605(10) (defining "willful" for purposes of the Unfair Trade Practices Act). There is no available legislative history regarding the provision's enactment. Thus, we resort to canons of statutory construction. *Alfieri*, 358 Or at 392. The canon that proves most helpful to our analysis is that "the meaning of words may be indicated or controlled by those

with which they are associated." *State v. Walker*, 356 Or 4, 15 n 5, 333 P3d 316 (2014) (internal quotation marks omitted); *see also Pendergrass v. Fagan*, 218 Or App 533, 539, 180 P3d 110, *rev den*, 344 Or 670 (2008) ("[W]hen the legislature prohibits a list of different acts, the meaning of each term in the list is determined in light of the common characteristics of other terms in the same list.").

The term "willfully" in the provision is part of a list of adverbs that also includes "falsely, fraudulently, [or] forcibly." Those terms connote something stronger and more intentional than the county's proposed interpretation of "willful." To interpret "willfully" to mean simply that petitioner allowed the electrical systems to be constructed without any knowledge or intention of violating the building code is incongruous with the other terms in the provision. In effect, the county's reading of the provision imposes strict liability on landowners for construction done on their property, and there is no reason to believe that the provision's enactors intended "willful" in this context to lack all specific knowledge or intent to the extent of creating strict liability. Given the intentionality and knowledge implied by the other terms in the provision—"falsely, fraudulently, [or] forcibly"—to "willfully" permit another person "to violate" a provision implies that the permission was granted for the violation, namely the construction absent required permits. That reading is in line with the text of the provision in that the "violation" was not the construction of electrical systems; the violation was the construction of electrical systems absent required permits.

Because the hearings officer improperly construed the applicable law, it was error for the trial court to deny the writ if it appears that improperly construing the applicable law injured "a substantial interest of" petitioner. ORS 34.040 ("The writ shall be allowed in all cases in which a substantial interest of a plaintiff has been injured and an inferior court including an officer or tribunal other than an agency as defined in ORS 183.310(1) in the exercise of judicial or quasi-judicial functions appears to have: *** (d) Improperly construed the applicable law[.]"). "Making that determination, and fashioning an appropriate remedy under

ORS 34.100 in the light of that determination, are functions best performed in the first instance by the circuit court." *Lincoln Loan Co. v. City of Portland*, 317 Or 192, 200, 855 P2d 151 (1993) (footnote omitted); ORS 34.100 ("Upon the review, the court shall have power to affirm, modify, reverse or annul the decision or determination reviewed, and if necessary, to award restitution to the plaintiff, or to direct the inferior court, officer, or tribunal to proceed in the matter reviewed according to its decision."). Accordingly, we reverse and remand to the trial court and do not need to address petitioner's other arguments.

Reversed and remanded for further proceedings consistent with this opinion.